IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **SIERRA BRAVO CONTRACTORS, L.L.C.,** )<br>)<br>**Plaintiff,** )<br>)<br>vs. )<br>)<br>**SAFECO INSURANCE COMPANY OF AMERICA,** )<br>)<br>**Defendant.** ) | Case No. 07-cv-0062-MJR |

# **MEMORANDUM and ORDER**

**REAGAN, District Judge:**

On or about December 29, 2006, Plaintiff Sierra Bravo Contractors, L.L.C., ("Sierra Bravo") brought this action against Defendant Safeco Insurance Company of America ("Safeco") by filing a complaint in the Circuit Court of Franklin County, Illinois. Sierra Bravo alleges breach of payment bond and vexatious refusal to pay in connection with subcontracting work that it performed on the Marion-Crittenden County Airport project. On January 23, 2007, Safeco removed this action to the United States District Court for the Southern Illinois.

The case comes now before the undersigned Judge for threshold review. The principal purpose of such review is to ascertain that subject matter jurisdiction properly lies. *See, e.g., **Wisconsin Knife Works v. National Metal Crafters**,* **781 F.2d 1280, 1282 (7th Cir. 1986) ("The first thing a federal judge should do when a complaint is filed is check to see that federal jurisdiction is properly alleged.")**.

Safeco's removal notice invokes subject matter jurisdiction under the federal diversity statute, **28 U.S.C. § 1332**. Section 1332 confers original jurisdiction over suits in which the amount

in controversy exceeds $75,000, and the action is between citizens of different states. The party invoking federal jurisdiction bears the burden of demonstrating that all jurisdictional requirements have been met. *Chase v. Shop 'N Save Warehouse Foods, Inc.*, 110 F.3d 424, 427 (7th Cir. 1997).

Safeco alleges that the matter in controversy in Sierra Bravo's lawsuit involves a claim in excess of $75,000.00. Thus, the amount-in-controversy requirement has been satisfied. Unfortunately, however, the Court cannot verify that complete diversity exists.

Safeco alleges that Sierra Bravo is an Illinois limited liability company. However, the citizenship of a limited liability company is that of *each* of its members. *See Cosgrove v. Bartolotta,* **150 F.3d 729 (7th Cir.1998);** *cf. Carden v. Arkoma Associates,* **494 U.S. 185 (1990) (all associations other than corporations have the citizenship of each partner or member)**. The Court cannot ascertain that diversity is complete because the removal notice does not identify the citizenship of each of the members of Sierra Bravo.

The United States Court of Appeals for the Seventh Circuit has instructed district courts freely to grant leave to amend defective allegations of subject matter jurisdiction, rather than *sua sponte* dismissing cases for lack of jurisdiction. *See Leaf v. Supreme Court of Wisconsin*, **979 F.2d 589, 595 (7th Cir. 1992),** *cert. denied*, **508 U.S. 941 (1993);** *Frey v. E.P.A.*, **270 F.3d 1129, 1131-32 (7th Cir. 2001)**. Additionally, unless a jurisdictional defect is clearly incurable, the Seventh Circuit has encouraged district courts freely to grant leave to amend defective allegations of subject matter jurisdiction, rather than *sua sponte* dismissing cases for lack of jurisdiction. *See Leaf v. Supreme Court of Wisconsin*, **979 F.2d 589, 595 (7th Cir. 1992),** *cert. denied*, **508 U.S. 941 (1993);** *Frey v. E.P.A.*, **270 F.3d 1129, 1131-32 (7th Cir. 2001).**

For these reasons, the Court will permit Defendant Safeco Insurance Company of America to file a jurisdictional memorandum, within twenty (20) days of the date of this Order, clarifying the citizenships of Plaintiff Sierra Bravo Contractors, L.L.C. Once able to confirm that

subject matter jurisdiction lies, the Court will "track" the case.

Accordingly, the Court **DIRECTS** Defendant Safeco Insurance Company of America to file a Jurisdictional Memorandum, addressing the issues delineated in this Order, on or before **February 14, 2007**.

    **IT IS SO ORDERED.**

    **DATED this 25th day of January, 2007**

    <u>s/Michael J. Reagan</u>
    **MICHAEL J. REAGAN**
    **United States District Judge**